**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4803**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LASHON ALVIN LADSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:09-cr-00226-TLW-1)

Submitted: May 22, 2019                                    Decided: June 4, 2019

Before DIAZ and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Casey P. Riddle, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lashon Alvin Ladson appeals from the district court's order revoking his supervised release and imposing a 24-month term of imprisonment. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in revoking Ladson's supervised release and whether Ladson's sentence was plainly unreasonable. Although informed of his right to file a supplemental brief, Ladson has not done so. We affirm.

We review a district court's decision to revoke supervised release for an abuse of discretion. *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We have reviewed the record and conclude that the district court did not abuse its discretion when it determined that the Government established, by a preponderance of the evidence, that Ladson possessed a firearm during a violent crime.[*] *See, e.g., United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("[T]he district court's credibility determinations receive great deference" (internal quotation marks omitted)).

---

[*] The Government alleged that Ladson violated his supervised release by *inter alia* possessing a firearm during a crime of violence. However, during the revocation proceeding, the Government stated that it would only proceed on the allegation that Ladson, a convicted felon, possessed the firearm. Nonetheless, the district court found Ladson possessed a firearm during a violent crime, and the criminal judgment reflects the same. Neither party objected, and we find no plain error in this regard.

2

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *United States v. Moulden*, 478 F.3d 652, 657 (4th Cir. 2007).

Here, the district court accepted Ladson's policy statement range of 21 to 24 months' imprisonment. The court adequately explained the imposed sentence, and provided a proper basis for concluding that Ladson should receive the statutory maximum sentence of 24 months. Accordingly, we find that Ladson's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of

3

Ladson's supervised release and the sentence imposed. This court requires that counsel inform Ladson, in writing, of the right to petition the Supreme Court of the United States for further review. If Ladson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ladson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*